People v T.M. (2025 NY Slip Op 50757(U))

[*1]

People v T.M.

2025 NY Slip Op 50757(U)

Decided on May 13, 2025

Youth Part, Erie County

Freedman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 13, 2025
Youth Part, Erie County

The People of the State of New York

against
T.M. AO.

Docket No. FYC-70225-25/001

Nicholas J. Marino, Esq. (Assistant District Attorney)
Giovanni Genovese, Esq. (for Principal T.M.)

Brenda M. Freedman, J.

The People having moved pursuant to Criminal Procedure Law, Article 722, § 722.23(1), et seq. for an order preventing removal of this action to the juvenile delinquency part of Erie County Family Court, and upon reading the Notice of Motion and Supporting Affidavit of Nicholas Marino, Esq. (Assistant District Attorney), dated April 30, 2025; responsive papers dated May 6, 2025 having been filed by Giovanni Genovese, Esq, on behalf of AO T.M.; oral argument and a hearing on the motion having been waived in writing by the ADA; and due deliberation having been had, the Court finds the following:
Procedural History
AO T.M. is charged under FYC-70225-25/001 with one count of Criminal Mischief, Third Degree, in violation of CPL 145.05(2), one count of Attempted Grand Larceny in the Third Degree, in violation of CPL 110, 155.35(1), one count of Possession of Burglar Tools, in violation of CPL 140.35, and other misdemeanor charges. Further, AO T.M. is charged under FYC-70847-25/001 with one count of Criminal Possession of Stolen Property in the Third Degree, in violation of CPL 165.50, and Unauthorized Use of a Vehicle in the Third Degree, in violation of PL 165.05(1).
This Court arraigned AO T.M. on FYC-70225-25/001 on January 28, 2025. Defendant was referred to the Three-Part Series, and a further proceeding was scheduled for April 14, 2025. On March 31, 2025, this Court arraigned AO T.M. on FYC-70847-25/001, and released the Defendant under RUS supervision. A six-day reading was unnecessary, and this Court found that the charges did not meet the requirements of CPL § 722.23(2)(c) to presumptively remain in Youth Part. The People indicated that they would make a motion under CPL § 722.23(1) requesting that this matter not be removed to Family Court. A decision on the extraordinary [*2]circumstances motion was scheduled for May 13, 2025.
In his responsive papers, counsel for AO T.M. requests that this Court dismiss the People's Extraordinary Circumstances motion, citing that the motion was untimely filed. Although the People's motion was filed in the late evening of the due date, it was filed timely. Therefore, the initial request of the Defendant to dismiss the People's Extraordinary Circumstances motion is denied.

Findings of Fact
It is alleged that on January 22, 2025, Victim 1 was at work. A coworker advised Victim 1 that people were breaking into vehicles, and all employees should check their cars. Victim 1 went outside to find the rear driver's side window of his Jeep smashed out. The front driver's side window damaged where someone tried to break in. Police officers told Victim 1 that they saw a person (later identified as AO T.M.) inside of his vehicle, trying to steal it. When they approached, AO T.M. jumped out of the front passenger door and began fleeing on foot. Police found AO T.M. hiding underneath a vehicle in a nearby parking lot. It is alleged that AO T.M. was in possession of an Autel device (used to reprogram key fobs), a blank key fob, and a screwdriver. Victim 1 did not give anyone permission to use or operate his vehicle.
On March 8, 2025, at approximately 5:12AM, police officers executed a traffic stop at an intersection. The vehicle, a 2015 Silver Jeep, was earlier reported stolen by Victim 2. Upon initiating a traffic stop, the driver of said vehicle, later discovered to be AO T.M., pulled onto a dead-end street and exited the vehicle, fleeing from police officers. Police eventually apprehended AO T.M., and an officer recovered keys to the 2015 Jeep from AO T.M.'s person. Victim 2 did not give anyone permission to use or operate his vehicle.

Conclusions of Law
The Raise the Age Law defines a 16-year-old or 17-year-old person who was charged with a felony as an "adolescent offender" (CPL § 1.20 [44]; see Penal Law § 30.00 [1], [3] [a]). When an adolescent offender is charged with a violent felony as defined in Penal Law § 70.02, within six calendar days of the adolescent offender's arraignment, the youth part of superior court is required to review the accusatory instrument and determine whether the prosecutor has proven by a preponderance of the evidence that the adolescent offender caused 'significant physical injury' to someone other than a participant in the crime, displayed a 'firearm, shotgun, rifle or deadly weapon as defined in the penal law' in furtherance of the crime, or unlawfully engaged in sexual intercourse, oral sexual conduct, anal sexual conduct or sexual contact as defined in section 130.00 of the Penal Law (CPL § 722.23(2)(a), (c)). 
The matter must be transferred to Family Court if these factors are not present unless, within thirty calendar days of arraignment, the prosecutor moves to prevent the removal of the action to Family Court and establishes that extraordinary circumstances exist. (CPL § 722.23(1)(a), (d). The term "extraordinary circumstances" is not defined in the Raise the Age Law. (People v. Guerrero, 235 AD3d 1276, 1276 (4th Dept. 2025)). "The legislative history for CPL § 722.23 reveals that, in making an extraordinary circumstances determination, courts should 'look at all the circumstances of the case, as well as ... all of the circumstances of the young person,' including both mitigating and aggravating factors" (NY Assembly Debate on 2017 NY Assembly Bill A3009C, April 8, 2017 at 39; see id. at 40, 65); see also, People v. Guerrero, supra). The legislative history further provides that "the People would satisfy the 'extraordinary circumstances' standard where 'highly unusual and heinous facts are proven and [*3]there is a strong proof that the young person is not amenable or would not benefit in any way from the heightened services in the family court'". See also, People v T.P., 73 Misc 3d 1215(A) (Nassau County Ct 2021) citing Assembly Record, p. 39).
The People state that AO T.M.'s actions in this matter rise to the level of "extraordinary circumstances" such that removal to Family Court should be prevented. The People argue in part that AO T.M. would not be amenable to the heightened services of Family Court. AO T.M. was given the opportunity to participate in a Restorative Justice program, the "Three-Part Series". Had he completed the program and remained arrest-free, his case would have been dismissed. However, he only attended one of the three classes, and, instead of successfully completing that program, he chose to participate in a second car theft. This Court gave him a chance to rehabilitate himself, and he consciously squandered it. The People conclude that AO T.M.'s disregard for the services initially offered to him after his first arrest equates to future failure with the heightened services of Family Court.
Defense counsel presents the following mitigating factors: the charges are all "non-violent felonies," there are no physical injuries "attributable to (AO T.M.'s) conduct", and AO T.M.'s parents are not involved in his life. Further, counsel alleges that the "Three-Part Series" is not a complete example of the heightened services the Family Court can provide to AO T.M., should this matter be removed.
This Court acknowledges that AO T.M. committed two extremely similar crimes within six weeks. However, it is not alleged that anyone was injured during either incident. Neither vehicle is alleged to have extensive damage. AO T.M. does not have a history in Youth Part. This Court agrees with Defense Counsel that Family Court might be able to provide more intensive services than the "Three-Part Series", and for a longer duration.
New York State Assembly members debating the Raise the Age legislation indicated that the extraordinary circumstances requirement was intended to be a "high standard" for the District Attorney to meet, and denials of transfers to Family Court "should be extremely rare" (Assembly Record, p. 39). Extraordinary circumstances do not exist to prevent the transfer of this action to Family Court. The People did not meet their burden to prevent removal of this action to Family Court, and this matter shall be transferred to Family Court. This constitutes the opinion, decision, and order of this Court.
SO ORDERED.
ENTER,
HON. BRENDA M. FREEDMAN